RENDERED: JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1416-MR

RASHAAD LATTIMORE          APPELLANT

v.
        
APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE LARRY ASHLOCK, JUDGE
ACTION NO. 22-CR-01083

COMMONWEALTH OF KENTUCKY          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE: Rashaad Lattimore ("Appellant") appeals from a judgment and sentence on a conditional plea of guilty rendered in Hardin Circuit Court. Appellant argues that the circuit court erred in denying his motion to suppress certain evidence based on the court's improper application of the plain view doctrine. After careful review, we find no error and affirm the judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On September 22, 2022, Hardin County detective Josh Burris observed that Appellant appeared to be passed out in the driver's seat of a vehicle, stopped at a gas pump at a Five Star gas station in Hardin County, Kentucky. Appellant's eyes were closed and his head was leaning back against the headrest. The engine in Appellant's vehicle was running.

Det. Burris would later testify that he walked over to Appellant's vehicle to conduct a welfare check and see if Appellant needed assistance. In so doing, Det. Burris looked through the driver's side window and observed a methamphetamine pipe on the center console area of Appellant's vehicle.

Det. Burris knocked on the window of the vehicle which woke Appellant. Det. Burris asked for Appellant's driver's license, which Appellant produced. He then went back to his vehicle to check the license and call for backup.

Det. Burris asked Appellant to step out of his vehicle and Appellant was subsequently searched. The search revealed a small bag of methamphetamine. The officers then searched Appellant's vehicle and found a methamphetamine pipe under the driver's seat in addition to 8 grams of marijuana.

On December 1, 2022, Appellant was indicted by the Hardin County grand jury and charged with 1) possession of a controlled substance, 1st degree, 1st

offense;[1] 2) possession of marijuana;[2] and 3) possession of drug paraphernalia.[3] Thereafter, Appellant filed a motion to suppress the physical evidence. Specifically, Appellant argued that his detention, search of his person, search of vehicle, and his arrest were unlawful because none of the physical evidence was in plain view preceding the searches and arrest.

On June 12, 2023, the circuit court conducted a suppression hearing. Det. Burris testified that when he approached Appellant's vehicle to conduct a welfare check, the methamphetamine pipe was in plain view on the center console area between the console and the cup holders. After going back to his patrol vehicle to check Appellant's driver's license and then returning to Appellant's vehicle, Det. Burris observed that the methamphetamine pipe was no longer on the console. A search of Appellant's person and vehicle subsequently revealed the pipe, a small bag of methamphetamine, and the marijuana at issue. Det. Burris testified that the pipe was made of glass, had a bowl about the size of a golf ball, and had a glass tube.

At the conclusion of the hearing, the circuit court denied Appellant's motion to suppress the evidence. The court determined that having observed

---

[1] Kentucky Revised Statutes (KRS) 218A.1415.

[2] KRS 218A.1422.

[3] KRS 218A.500.

Appellant with his eyes closed and his head leaning back against the headrest, Det. Burris reasonably conducted a welfare check to see if Appellant was okay. The court ruled that no warrant was required for Det. Burris to make contact with Appellant under those circumstances. The court then concluded that the pipe was in plain view, which properly led to the search and arrest. Appellant later entered a conditional guilty plea to one count of possession of a controlled substance, first degree, and received a one-year sentence. This appeal followed.

## STANDARD OF REVIEW

> The standard of review of a pretrial motion to suppress is twofold. First, we review the trial court's findings of fact under a clearly erroneous standard. Under this standard, the trial court's findings of fact will be conclusive if they are supported by substantial evidence. We then conduct a *de novo* review of the trial court's application of the law to the facts to determine whether its decision is correct as a matter of law.

*Whitlow v. Commonwealth*, 575 S.W.3d 663, 668 (Ky. 2019) (internal quotation marks and citation omitted).

## ARGUMENTS AND ANALYSIS

Appellant, through counsel, argues that the Hardin Circuit Court committed reversible error in denying his motion to suppress the introduction into evidence of the methamphetamine pipe, methamphetamine, and marijuana. Counsel notes that per the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution, all persons, including Appellant, are

entitled to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. Appellant argues that though the expectation of privacy in a vehicle is somewhat less than the expectation of privacy in a home, Appellant nonetheless was entitled to be free of an unreasonable vehicle search.

Appellant points out that Det. Burris did not testify that he observed any drug residue on the pipe, nor any burn marks or residue on the pipe. Appellant asserts that owning a pipe is not per se illegal, especially when no illegal drugs or indicia of criminality were initially observed. Appellant argues that the burden rested with the Commonwealth to show some indicia of criminality to support the search of Appellant's person and vehicle. He contends that absent such indicia, the warrantless search of Appellant's person and vehicle were unlawful. As such, he seeks an opinion reversing and remanding the matter for suppression of the evidence at issue. In the alternative, Appellant seeks a second hearing to evaluate the responding officer's body camera video as it relates to the lighting and window tinting of Appellant's vehicle.

> The Fourth Amendment of the United States Constitution and Section Ten of the Kentucky Constitution provide safeguards against an unwarranted and unreasonable search and seizure by the state. Through the years, however, the courts have allowed several exceptions for seizures without warrants – one of these being evidence found within plain view.
>
> Several elements must exist for this exception to be allowed. First, the law enforcement officer must not

have violated the Fourteenth Amendment in arriving at the place where the evidence could be plainly viewed. Second, not only must the officer be lawfully located in a place from which the object can be plainly seen, but he or she must have a lawful right of access to the object itself. Finally, the object's incriminating character must also be immediately apparent.

*Hazel v. Commonwealth*, 833 S.W.2d 831, 833 (Ky. 1992) (internal quotation marks and citations omitted).

The focus of Appellant's argument is that the final element in *Hazel*, *i.e.*, the immediately apparent nature of the pipe's incriminating character, is not present in the matter before us. The salient question, then, is whether the Hardin Circuit Court properly concluded that Det. Burris's observation of 1) Appellant in the driver's seat of a stopped vehicle; 2) with Appellant's eyes closed and head leaning back against the headrest; 3) with the engine running; and 4) a methamphetamine pipe on the console demonstrates the apparent nature of the pipe's incriminating character. *Id.* After closely examining the circuit court record and the law, we must answer this question in the affirmative.

As noted by the Commonwealth, "[o]fficers may draw on their own experience and specialized training to make inferences from, and deductions about, the cumulative information available to them that might well elude an untrained person." *Bauder v. Commonwealth*, 299 S.W.3d 588, 592 (Ky. 2009) (citation omitted). Det. Burris testified that in his experience, the type of pipe he observed

in Appellant's vehicle was used only for smoking methamphetamine and not tobacco or other illegal drugs. The trier of fact may believe any witness, in whole or in part, and is best situated to judge the weight and credibility of the evidence. *Miller v. Commonwealth*, 283 S.W.3d 690, 699 (Ky. 2009). In considering the testimony presented, the Hardin Circuit Court found Det. Burris's testimony to be credible.

## CONCLUSION

Det. Burris's observation of Appellant's methamphetamine pipe, taken alone, may have been enough to support further inquiry including a search of Appellant's person and vehicle. We need not reach this question, however, as his observation was made in the context of having seen Appellant stopped at a gas pump in the driver's seat with his eyes closed, head tilted back, and his vehicle's engine running. Given the totality of the circumstances presented to Det. Burris and the responding officer, and considered in light of a law enforcement officer's ability to draw reasonable inferences based on his training and experience, *Bauder*, *supra*, we find no error in the Hardin Circuit Court's conclusion that Det. Burris was justified in searching Appellant's person and vehicle. No additional hearing on the matter is required. Accordingly, we affirm the order the Hardin Circuit Court denying Appellant's motion to suppress the evidence.

ALL CONCUR.


BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Molly Mattingly                Russell Coleman
Frankfort, Kentucky            Attorney General of Kentucky

                               Christopher Henry
                               Assistant Attorney General
                               Frankfort, Kentucky